

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Colleen Elizabeth McGuinn*
*Assistant United States Attorney*
*Colleen.McGuinn@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

DIRECT: *410-209-4823*
MAIN: *410-209-4800*
FAX: *410-962-3091*

November 10, 2025

The Honorable Deborah K. Chasanow
United States District Court
101 W. Lombard Street
Baltimore, MD  21201

      RE:    United States v. Charles Anthony Forame, IV
               Criminal No. DKC-24-219
               FILED UNDER SEAL

Dear Judge Chasanow:

The sentencing hearing in the above-captioned matter is currently scheduled for November 24, 2025, at 9:30 a.m.  The Presentence Investigation Report (ECF 57) has calculated the Defendant's total offense level as 40, and his criminal history category is IV.  This would result in a guidelines range of 360 months to life.  Sexual Exploitation of Children carries a fifteen (15) year mandatory minimum period of incarceration, and a maximum sentence of thirty (30) years.

The Government believes, and the plea agreement reflects (ECF 54), that the total offense level should be 45, defaulting to a 43, because of the application of the Chapter 4 enhancement, U.S.S.G. § 4B1.5(b)(1).  This would result in a guidelines range of life.  A conviction for Sexual Exploitation of a Child is a qualifying crime under this section, and the repeated nature of the Defendant's offenses against multiple victims triggers this enhancement.

The Government will discuss below the guidelines disputes raised by the Defendant, which were reserved in the plea agreement (ECF 54) noted in paragraphs 7(i), (x), and (ll); and found in the PSR (ECF 57) at paragraphs 42, 65, 88, and 96.

The Defendant pled to one count of Sexual Exploitation of a Minor, Count 7, and, regardless of the guidelines, he faces a sentence of between fifteen (15) and thirty (30) years of incarceration.

The Government will be submitting victim impact statements for this case prior to the hearing.  The Government also anticipates at least one of the minor victims addressing the court at sentencing and will provide that specific information with as much notice as possible to the court and the defense.

1

The Government recommends a sentence of 360 months, or thirty (30) years, to the Bureau of Prisons, as a period of incarceration that is sufficient but not greater than necessary to achieve the purposes of sentencing.  The Government is also seeking lifetime supervision and a special assessment fee of $100.

At this time, the Government is not seeking restitution on behalf of the victims.   The Government is not seeking an additional special assessment of $5,000 under 18 U.S.C. § 3014(a) due to the Defendant's indigency.  The Government filed a Preliminary Order of Forfeiture (ECF 58) for the items listed in the Indictment, and the Court has already signed that Order (ECF 59).

## A.   SENTENCING GUIDELINES

The Defendant reserved the right to object to the imposition of the sentencing enhancements described in the PSR at paragraphs 42, 65, 88, and 96 (ECF 57).   In short, the Defendant is arguing that because the video files related to these particular counts, charging Sexual Exploitation of a Minor, 18 U.S.C. §  2251, and Coercion and Enticement, 18 U.S.C. § 2422(b),  do not depict sexual contact or acts with the Defendant, but instead depict self-touch or self-masturbation, the enhancement should not apply.

It is the Government's position that the videos in question do depict self-touch or self-masturbation that were caused by the Defendant's implications, encouragement, and coercion. The enhancements themselves, and the case law that supports the Government's position, is discussed further below.

1.   <u>Conduct relating to Paragraph 42 (Counts 2 and 6, application of § 2G2.1(b)(2)(A)(i))</u>:

Minor Victim 2, who was 13 years old, was messaging with the Defendant over Snapchat.  She asked him what he wanted to see, and the Defendant replied, "let me see u playing with that pussy."  Minor Victim 2 did send a video file depicting her exposed genitals and self-masturbation.

2.   <u>Conduct relating to Paragraph 65 (Count 5, application of § 2G1.3(b)(4)(i))</u>:

Minor Victim 5, who was 15 years old, was messaging with the Defendant over Snapchat.  The Defendant asked Minor Victim 5 to send him explicit videos, or in the alternative to meet and engage in sex acts, in exchange for money, weed, and vapes.  Earlier in the chat, the Defendant wrote, "U don't got pussy vids?" and, as a result, Minor Victim 5 sent a video of touching her own genitals.  The Defendant then complained that the video was dark, asking Minor Victim 5 to send another, wanting her to "just play with it."

3.   <u>Conduct relating to Paragraph 88 (uncharged conduct, application of § 2G2.1(b)(2)(a))</u>:

Minor Victim 7, who was 13 years old, was messaging with the Defendant over Snapchat.  The Defendant asked Minor Victim 7 to send him videos and told her to remove her clothing, saying

"show me something."  He told Minor Victim 7 he wanted to travel to her and see her in person so they could engage in sex acts, but Minor Victim 7 declined.  She then sent a video of herself touching her own genitalia.

4.  Conduct relating to Paragraph 96 (uncharged conduction, application of § 2G2.1(b)(2)(A)):

Minor Victim 9, who was 14 years old, was messaging with the Defendant over Snapchat.  The Defendant specifically messaged Minor Victim 9 to send a video of her touching her genitals, which she did, and then sent a video of self-masturbation.

5.  Relevant Guidelines, Statutes, and Caselaw:

Sexual Exploitation of a Child is covered by U.S.S.G. § 2G2.1 for purposes of the sentencing guidelines.  For the PSR paragraphs 42, 88, and 96, the enhancement under § 2G2.1(b)(2)(A) is applied; it provides, "If the offense involved the commission of a sexual act or sexual contact, increase by 2 levels." (ECF 57).  Under the Commentary, Application Note 2, Definitions, *sexual act* and *sexual contact* have the meaning provided in 18 U.S.C. § 2246(2) and (3), respectively.

Coercion and Enticement is covered by U.S.S.G. § 2G1.3 for the purposes of sentencing guidelines.  For the PSR, paragraph 65, the enhancement under § 2G1.3(b)(4)(A)(i) is applied; it provides, "If the offense involved the commission of a sex act or sexual contact… increase by 2 levels."  (ECF 57).  Under the Commentary, Application Note 1, Definitions, *sexual act* and *sexual contact* have the meaning provided in 18 U.S.C. § 2246(2) and (3), respectively.

*Sex act* and *sexual contact* are both defined under 18 U.S.C. § 2246(2) and (3).  As defined, a *sex act* includes the contact between the penis and vulva, penis and anus, the mouth and penis, the mouth and vulva, the mouth and anus, and other specific acts, all of which require another person or at least two people.  Under § 2246(2)(C) and (D), the definition specifically contains the words "of another."  However, the definition of *sexual contact* does not require another person; § 2246(3) provides that *sexual contact* "means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh or buttocks of <u>any person</u> with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." (emphasis added).  There is no directive that this intentional sexual contact or touching be "of another."

In *United States v. Skinner*, 70 F.4th 219 (4th cir. 2023), the issue of whether defendant Skinner's self-touching over a video live chat to the victim was a sex act or sexual contact under U.S.S.G. § 2G2.1(b)(2)(A).  The Court held that the specification of "any person" in 18 U.S.C. § 2246(3) was broad enough language "to cover a defendant's self-touching.  As some of our sister circuits have recognized, 'the statute's operative phrase 'any person' applies to all persons, including [the defendant] himself.'" *Id*. at 230, quoting *United States v. Aldrich* 566 F.3d 976, 979 (11th Cir. 2009).  Further, the Court opined that "whereas 'sexual contact' involved the 'intentional touching… of any person,' a 'sexual act' is defined in part as 'the intentional touching, not through the clothing, of the genitalia *of another person.*'"  *See also United States v.*

*Raiburn*, 20 F.4th 416, 423 (8th Cir. 2021) and *United States v. Shafer*, 573 F.3d 267, 272 (6th Cir. 2009).

Here, Minor Victim 2, Minor Victim 5, Minor Victim 7 and Minor Victim 9 were all involved in online interactions with the Defendant.  During their Snapchats, these four minor victims touched their own genitalia or engaged in self-masturbation.  The Defendant was not present and did not touch or masturbate these victims in Counts 2, 5, 6, and the uncharged conduct.  However, the analogy to the holdings in the above cases, that self-touching by a defendant is *sexual contact* under 18 U.S.C. § 2246(3), is obvious. The self-touching of the victims, of "any person," is the same analysis as the self-touching of a defendant and triggers the application of both U.S.S.G. §§ 2G1.3(b)(4)(A)(i) and 2G2.1(b)(2)(A).

## B.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)

The sentence that the Government seeks is the maximum sentence for this offense; this recommendation considers the characteristics of the Defendant's exploitative behaviors over just an eight-month period, the ages of the victims, and the sheer number of victims.  A sentence of 360 months is sufficient, but not greater than necessary, to comply with the factors outlined in 18 U.S.C. § 3553(a), some of which are discussed below.

### 1.    The Nature & Circumstances of the Offense/History & Characteristics of the Defendant:

In this matter, the Defendant sexually exploited the 9 teenaged girls described in the Statement of Facts – at the age of 32, he sought out girls who were more than half his age, most of whom were battling their own difficult circumstances of broken homes, family addiction, neglect, and low self-esteem.   Most of the girls were just at the beginning of their teenaged years:  four were 13 years old; two were 14 years old; two were 15 years old, and one was 16 years old.  The Defendant went after middle school students, and some high schoolers, in his efforts to collect as many "notches in his bedpost" as possible, regardless of their age. The Defendant targeted these girls, grooming them and bribing them to bend to his will – in some instances, he was vindictive, callous, or threatening when he did not get his way.  To all 9 girls, he was selfish in his pursuits to gratify himself at the expense of their innocence.

The Defendant used the social media platform Snapchat.  On their company website Snapchat states "delete is our default."[1]  The company advertises itself as a way to chat and share content but only temporarily - that media files will disappear and not be able to stored, saved, or viewed again, with certain exceptions.  In other words, Snapchat is built on the premise that most messages will be deleted once viewed on the app which makes it seem "safe."  Children and teenagers are often convinced by their offenders that they can send an explicit video, and it will simply delete upon viewing.  The Defendant, and others like him, have found ingenious ways around this feature – often by using a second cell phone to record the original cell phone that is displaying the Snapchat video.

---

[1] *See* https://help.snapchat.com/hc/en-us/articles/7012334940948-When-does-Snapchat-delete-Snaps-and-Chats

a.  *Minor Victim One (*███████████████*, 14 years old):*



In November 2023, Minor Victim 1 was 14 years old at the time of the offenses against her.  Minor Victim 1 has a ████████████████████.[2]

Minor Victim 1 was on Snapchat with a group of girls from school who she thought were her friends.  Those girls told Minor Victim 1 about a person named "Gucci" who was going to come down to their town and provide them with marijuana and carts (cartridges for vape-pens). The girls told Minor Victim 1 that she should have sex with Gucci so he would give her and the girl the carts and drugs.  The girls manipulated Minor Victim 1 and told her if she met with Gucci, she could hang out with the girls.  Minor Victim 1 added Gucci to her Snap, and the two began to communicate.





Screenshot of a Snapchat message between MV1 and Defendant

Minor Victim 1 decided she was not comfortable with Gucci's suggestion that they have sex because she did not want to lose her virginity to him, so as he got closer to her neighborhood, she told him she no longer wanted the drugs and carts. Gucci, the Defendant, expressed annoyance that he had come all this way, so she did agree to meet with him. Minor Victim 1 got into the backseat with the Defendant but told him she did not want to have sex but agreed to oral sex or anal sex. Minor Victim 1 told investigators that the Defendant then pushed her head down towards his penis, and she engaged in oral sex. The Defendant then tried to have vaginal intercourse with her, but it hurt, so he turned her around and inserted his penis into her anus. Minor Victim 1 said the Defendant ejaculated into a shirt from inside his vehicle. The Defendant then drove her over to where these girls were, providing Minor Victim 1 with marijuana and carts.

Under Maryland Criminal Law, the Defendant committed a Third-Degree Sexual Offense against Minor Victim 1, in violation of Md Code Ann., Crim Law, § 3-307(a)(4) and (5).

b.  *Minor Victim Two (⬛⬛⬛⬛⬛, 13 years old):*



Minor Victim 2 was 13 years old when she met the Defendant through Snapchat in November 2023. Minor Victim 2 was in 7th grade. The Defendant and Minor Victim 2 never met in person, but he did ask her to send him explicit videos, offering to travel to her and have sex in exchange for use of his Amazon account.

When Minor Victim 2 initially sent a video of herself clothed, the Defendant told her to take her clothes off. When Minor Victim 2 hesitated, the Defendant messaged her "And I told you what I wanted but I guess you only PG13." Minor Victim 2 complied and sent the requested images depicting her genitals. The Defendant then offered to drive to her to have sex with her, and Minor Victim 2 stated, "idk" [I don't know]. The Defendant upped the ante and said he would make it worth it: "wym [what you mean], I'll eat it [her genitals] and I'll give u free stuff. U wanna spend $300 on my Amazon?"

*c.  Minor Victim Three (⬛⬛⬛⬛⬛, 16 years old):*



    Minor Victim 3, who was his oldest victim at the age of 16, was struggling with homelessness due to having a drug addicted parent. In March 2024, she met the Defendant on Snapchat, and he told Minor Victim 3 he was 21 years old. During March 2024, the Defendant would drive to her home to engage in sex acts with her, some of which were captured on video with a cell phone. The Defendant would bring her carts as part of his grooming. Minor Victim 3 became pregnant, because of sex with the Defendant, and she terminated the pregnancy. Below is an excerpt from that messaging through Snapchat:

| Date | Sender | Recipient | Message |
|------|--------|-----------|---------|
| 3/10/24 | MV3 | Defendant | I'm pregnant |
| | Defendant | MV3 | You bein fr [for real] or????<br><br>Do you think it is mine" |
| 4/13/24 | Defendant | MV3 | Hey so what happened<br><br>You didn't keep me updated baby |
| 4/20/24 | MV3 | Defendant | I had to I wish I could have kept it though ☹ |
| 4/21/24 | Defendant | MV3 | Ya it's kinda sad<br><br>Wyd [What you doing]<br><br>Wanna fuck |

*d. Minor Victim Four ( ▮▮▮▮▮▮▮ , 15 years old):*



Minor Victim 4, who was 15 years old, was bouncing back and forth between living with her father and stepmother and living in a motel with her mother.  In November 2023, she met the Defendant online through Snapchat, and he told her he was 20 years old.  The Defendant convinced Minor Victim 4 that he cared for her and wanted to be with her, calling her "baby," and telling her he loved her.  When her mother was at work during the night shift at Wal-Mart, the Defendant drove to where Minor Victim 4 was staying to engage in sex acts with her.  The Defendant knew he could only get what he wanted when Minor Victim 4 was with her mom because her mom worked the nightshift, and he would not be caught by the other adults in Minor Victim 4's life:

November 2023:

| Sender | Recipient | Message |
|---|---|---|
| Defendant | MV4 | How long u staying at your mom's for?? |
| MV4 | Defendant | Tbh idk bby [to be honest I don't know baby]<br><br>Because I don't have a ride to school this week |
| Defendant | MV4 | wym you don't kno [what you mean you don't know] |
| MV4 | Defendant | So I might have to spend the night at my dads a couple nights<br><br>My grandpa is taking me to school tmr |
| Defendant | MV4 | I thought u was staying at your mom's all this week tho |



Image of himself that Defendant sent to Minor Victim 4

Under Maryland Criminal Law, the Defendant committed a Third-Degree Sexual Offense against Minor Victim 4, in violation of Md Code Ann., Crim Law, § 3-307(a)(4) and (5).

e.  *Minor Victim Five (*  *, 15 years old):*



Minor Victim 5 was 15 years old when she met the Defendant on Snapchat in November 2023. The following are excerpts from their messaging through Snapchat:

November 26, 2023:

| Sender | Recipient | Message |
|---|---|---|
| Defendant | MV5 | Want some money or free weed, nic or carts |
| MV5 | Defendant | Free? |
| Defendant | MV5 | Well trade<br><br>If u down |
| MV5 | Defendant | For what |
| Defendant | MV4 | Like I give u free stuff for a link or pics and videos<br><br>Up to u<br><br>I bring u the stuff<br><br>U wanna fuck or do pics and videos |
| MV5 | Defendant | You can't save them and got to promise you will bring me nic like sear to gosh<br><br>God |
| Defendant | MV5 | I definitely will bring you nic shorty<br><br>And when I come u wanna smoke and fuck? |
| MV5 | Defendant | Nah not with my parents around and I prolly won't even see you when u drop it off |
| Defendant | MV5 | Ill give you two [vapes/carts] for like 8 pics and 3 videos |
| MV5 | Defendant | Your not saving videos or anything right |
| Defendant | MV5 | No I won't save, just look at em<br><br>Them tittys look good asf [as fuck]<br><br>U don't got pussy vids?<br><br>Why's it so dark???? I can't even see ya pussy |
| MV5 | Defendant | Sorry my light was off |

  

Images of carts, vapes, and cash sent by the Defendant to Minor Victim 5

When Minor Victim 5 did not supply him with the quality of video he wanted, he continued to negotiate with her, even as she resisted: "nah, not right now." Defendant: "Like I gotta drive 30 mins to u to drop off 3 vapes worth $40 a piece and u can't even do what u say. U sent 3 pics and a shitty video idc [I don't care] that u didn't send 8 but least could send a decent video"

    f.   *Minor Victim Six (*⬛⬛⬛⬛*, 13 years old):*




Minor Victim 6 was 13 years old, residing with her grandmother who was raising her, and attending 6ᵗʰ grade when she began communicating with the Defendant on Snapchat in March 2024. The Defendant told her he was 23 years old and that he would bring her vapes and marijuana if she would engage in sex acts with him. The Defendant drove to her home on three occasions, and the two engaged in sex acts in the Defendant's car. Minor Victim 6 told investigators the Defendant did not use a condom, and, afterwards, he gave her vapes and carts.

Under Maryland Criminal Law, the Defendant committed a Second-Degree Rape against Minor Victim 6, in violation of Md. Code Ann., Crim Law, § 3-304(a)(3).

g. *Minor Victim Seven (*██████████*, 13 years old):*



Minor Victim 7 was 13 years old and attending 7th grade when she began communicating with the Defendant over Snapchat in September 2023. The two never met in person, but the Defendant had Minor Victim 7 saved in his account under the name "future wifey." The Defendant asked for videos from Minor Victim 7 and at one time did send her money so she could purchase food or use Door Dash.

h. *Minor Victim Eight (*██████████*, 13 years old):*



Minor Victim 8 was 13 years old and residing with her grandparents while attending 7th grade when she began communicating with the Defendant on Snapchat in April 2024. The Defendant told Minor Victim 8 he would bring her vapes, and Minor Victim 8 told the Defendant she had money to pay him. The Defendant instead asked for her picture, and Minor Victim 8 sent an image of herself (same as above). The Defendant told her she looked good, and the conversations became about exchanging explicit videos of Minor Victim 8 for the vapes. One of the videos depicted Minor Victim 8 inserting an object into her vagina. The Defendant also drove to Minor Victim 8's home where they met nearby in person; the Defendant gave her vapes after she performed oral sex on him while in his car.

12

Under Maryland Criminal Law, the Defendant committed a Second-Degree Rape against Minor Victim 8, in violation of Md. Code Ann., Crim Law, § 3-304(a)(3).

   i.   *Minor Victim Nine (*  *, 14 years old):*



Minor Victim 9 was 14 years old and attending middle school when she began communicating with the Defendant over Snapchat in April 2024. The Defendant, as before, sent images of vapes and told Minor Victim 9 he could get her these things in exchange for videos. They did attempt to meet in person, but the Defendant just threw the vape pen out of the window and drove off. Eventually, Minor Victim 9 decided she did not want to Snapchat with the Defendant anymore, but the Defendant began to threaten her:



Screenshot taken from MV9's phone showing a message from Defendant



Screenshot taken from MV9's phone showing a message from Defendant



Screenshot taken from MV9's phone showing a message from Defendant

It was these threats that caused Minor Victim 9 to tell her father what had happened, and they, in turn, contacted the ███████████████ Police Department. Minor Victim 9 did send more images to the Defendant because of his threats.

14

Minor Victim 9 is the last victim in the timeline prior to the Defendant's arrest in May 2024. The Defendant's tactics were starting to evolve to threats to get his targets to do what he wanted them to do.

### j. The Defendant's Statement:

The Defendant, during his Mirandized interview, continually denied his crimes, claiming everything from identity theft of his Snapchat account to having no knowledge of the girls' ages. At one moment, the Defendant, in a braggadocio moment, discussed his "body count," meaning the number of females he has had sex with, claiming it is at least 400. The Defendant denied being a "pedophile" [his word choice] and described a pedophile as a person who "intentionally wants to harm kids or force them into something they don't want to do," or who "lurks outside of school." What the Defendant failed to acknowledge was that by contacting school-aged children online, intentionally lying about his own age (making himself 20 instead of 32), knowing these minor victims lived with their parents or guardians, offering carts and marijuana as gifts and bribes… he was, essentially, the modern era version of the stranger using candy or other tricks to entice a child to come with him. His conduct did "harm kids." And in the case of at least one victim, he did force her to do something she did not want to do by threatening to disclose her videos to her parents and her school.

### k. The Defendant's Criminal History and Attempted Contacts with Other Possible Minors

Below is a timeline of the minor victims included in this indictment:



MV7 (13) (September 2023) → MV1 (14Y), MV2 (13Y), MV4 (15Y), MV5 (15Y) (November 2023) → MV3 (16Y) & MV6 13Y (March 2024) → MV8 (13Y) & MV9 (14Y) (April 2024) → arrested May 24, 2024

The Defendant had well over 400 contacts in his Snapchat, and he is seen within his chats attempting to groom, date, or contact multiple females. In some instances, the investigation team identified explicit images of other minor females, but those victims were either unreachable or

uncooperative.  The Defendant seemingly had one goal:  to groom and sexualize as many teenagers as he could, as fast as he was able – promising vapes, marijuana, carts, money, Amazon, and sometimes his "love," in exchange for taking a piece of their innocence.

The Defendant also has several prior convictions.  Of note, the Defendant was convicted of Telephone Misuse in Anne Arundel County Circuit Court, Case No. C-02-CR-19-2302.  That matter, from September 2019, involved a verbal argument between the Defendant and his ex-girlfriend ████████████████████  During a telephone call while the victim was at work, the Defendant threatened to slash her tires as well as her family members' tires and make her life miserable.  The Government was able to procure the publicly available Statement of Facts for the related district court case prior to the State's Attorney's Office refining the charges and filing a Criminal Information in the Circuit Court.  *See* Gov Ex. A, Statement of Facts D-07-CR-19-7500, redacted.  The Defendant's other convictions are for drug and theft related offenses going back to 2010 when he was 18 years old.

In this matter, the criminal acts are so numerous, so egregious, and harmful, that the maximum penalty is warranted – a sentence of thirty years.

1.  <u>The Need for the Sentence Imposed:</u>

The sentence imposed in this case needs to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.  18 U.S.C. § 3553(a)(2)(A).  This is very serious conduct, especially when one considers the breadth of the Defendant's actions over a short period of time – from September 2023 through April 2024 - sentence of 360 months will vindicate the interests of all nine minor victims.

This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C).  There is a pressing need to protect the public, to protect children, from the Defendant.  The Defendant must be incarcerated for a substantial period of time, so he is deterred from engaging in this activity.

The Defendant repeatedly and knowingly abused and exploited multiple teenaged girls, some of whom were in middle school.  He did so for no other reason than to literally put the proverbial "notch in his belt," to be able to brag about his "body count," and to take advantage of girls who were much more naive, vulnerable, and therefore susceptible to his sexual advances and manipulations than women his own age.  This is not a case of "mistake of fact" or that the Defendant was unclear how old these girls were at the time he was messaging them and meeting with them.  The Defendant's eyes were wide open to the fact that these were minors, that he was speaking to children…. He just did not care.

A report from the National Institutes of Health states that minor females account for 78% of youths targeted for online sexual enticement and that while this crime has the potential to affect children from every type of community and socio-demographic background, "children without strong social support networks… are at even higher risk." [3] The Defendant was not

---

3 *See* https://pmc.ncbi.nlm.nih.gov/articles/PMC11562205/#sec5-15598276241268236

attempting to meet and engage in sex acts with girls over the age of 18, let alone women in their twenties or women who were his own age of 32. The Defendant was not talking to females who had jobs or careers, were on the honor rolls at their respective schools, or with a healthy self-esteem. The Defendant took his shot at the children who were at an even higher risk because he knew his chances of success would increase exponentially.

The Defendant needs a significant sentence to deter him from future conduct and to protect the public from him.

2.    The Kinds of Sentences Available:

The conviction for Sexual Exploitation of Children in this case carries a mandatory minimum sentence of fifteen (15) years, and a maximum sentence of thirty (30) years in prison. The Government concedes that, in this case, the guidelines as calculated in the plea agreement, which at an offense level of 43 calls for a "life" sentence, are above what is warranted, what is sufficient, for an appropriate sentence. The sentence of 360 months is commensurate with the harm caused in this case.

4.    The Need to Avoid Unwarranted Sentence Disparities:

The sentence imposed in this case should be consistent with alike cases among defendants with similar records. The Government submits that a 360-month sentence in this case would be consistent with other cases in the District of Maryland. This is obviously not an "apples to apples" comparison, as the 3553(a) factors in this case are unique and should be analyzed as such, using the avoidance of disparity mirrored in any other cases provided only as a guidepost not a mandate. Both sides can tailor cases under this subsection to meet their respective arguments, so this factor should be taken for what it is: generally relevant but not mandatory upon this court to sentence a person similarly. *See United States v. Sueiro,* 59 F.4th 369, 382-83 (4th Cir. 2021) ("Court have repeatedly made clear that comparisons of sentences may be treacherous because each sentencing proceeding is inescapably individualized." (*quoting United States v. Rivera-Santana,* 668 F.3d 95, 105(4th Cir. 2012))

In *United States v. Delroy James Scott, ELH-23-179*, the defendant, who was 21 years old and no priors, met young girls online and traveled to their homes to engage in sex acts with them; he also produced images and extorted some of the victims. The six victims ranged in ages from 9 to 16, and Judge Hollander imposed a sentence of thirty-two (32) years.

In *United States v. Eric Partlow, BAH-24-026*, the defendant, who was 20 years old with no priors, pretended to be a female and exploited approximately 19 victims to produce images of themselves entirely online. The defendant did not know and never engaged in sex acts with his victims. Judge Hurson imposed a sentence of nineteen (19) years.

In *United States v. Lewis Blandon, MJM-21-268*, the defendant, who was 40 years old with no priors, sexually exploited approximately 7 teenaged minor males online with no hands-on abuse. ███████████████████████████████████████████. Judge Maddox imposed a sentence of nineteen (19) years.

In *United States v. Evan Frock*, *BAH-22-373*, the defendant, who was 34 with no priors, sexually exploited teenaged minor while pretending be a teenager.  The defendant never met any of his victim, and no hand-on offenses were committed.  Judge Hurson imposed a sentence of seventeen (17) years.

In *United States v. Adrian Haynes, PX-20-274*, the defendant, who was 20 years old with no prior convictions, posed as a teenaged female and sexually exploited 16 teenaged minor males online; he would threaten them if they did not comply.  No hands-on offenses were committed.  Judge Xinis imposed a sentence of twenty-five (25) years.

In *United States v. Frank Leary, Jr.*, *CCB-18-603*, the defendant, who was 23 years old with no prior convictions, sexually exploited 6 teenaged minors to produced images online.  He also coerced two of these victims to engage in sex acts with their younger siblings.  Judge Blake imposed a sentence of thirty (30) years.

In *United States v. Gorbsky, DKC-18-442*, the defendant posed as a teenager and sexually exploited multiple teenaged minors online.  Judge Chasanow imposed a sentence of 239 months.

**C.      CONCLUSION**

For the reasons stated in this letter, the Government respectfully requests that the Court impose a sentence of 360 months to the Bureau of Prisons, followed by lifetime supervised released, impose a $100 special assessment, address the $5,000 additional special assessment, and order forfeiture.

Very truly yours,

Kelly O. Hayes
United States Attorney

Colleen Elizabeth McGuinn
Assistant United States Attorney

CC:  Katherine Tang Newberger, Counsel to the Defendant
      Gabriel Reyes, Counsel to the Defendant
      Ashley Crouch, U.S. Probation Officer